**SO ORDERED.**

**SIGNED this 26 day of February, 2007.**



_____
A. Thomas Small
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

IN RE:                                                CASE NO.

MALCOMB MCFALL BABB                                   06-03003-8-JRL

    DEBTOR

### ORDER ALLOWING MOTION TO COVERT CASE TO CHAPTER 7

A hearing to consider objections to confirmation of the chapter 13 plan filed by the debtor, Malcolm McFall Babb, was held in Wilmington, North Carolina on February 21, 2007. The objections to confirmation were filed by the Estate of Charles L. Watson, CLW Investments, Inc. and Wilbur M. McLamb, who are plaintiffs in litigation against the debtor pending in a South Carolina state court. An objection to confirmation was also filed by a judgment creditor, Carolina First Bank. The court also heard motions filed by the South Carolina plaintiffs and by Carolina First Bank to convert the debtor's chapter 13 case to chapter 7. The motions to convert to chapter 7 will be allowed.

Mr. Babb filed a petition for relief under chapter 13 of the Bankruptcy Code on September 22, 2006. At the beginning of the

case, Mr. Babb was represented by an attorney, Peter Gemborys, but Mr. Gemborys was subsequently suspended, effective November 30, 2006, from practicing law before this court. In re Mugno, No 05-09231-8-JRL (Bankr. E.D.N.C. Oct. 20, 2006). Mr. Babb stated at the hearing that he intended to retain counsel and wanted the hearings continued. He also stated that he needed more time to prepare, because he had not been given adequate notice of the hearings.

The record reflects that notice of the hearing to consider Carolina First Bank's objection to confirmation and its motion to convert the case to chapter 7 was sent to Mr. Babb on January 18, 2007. Notice of the hearing to consider the South Carolina plaintiffs' objection to confirmation was sent on January 14, and notice of the plaintiffs' motion to convert to chapter 7 was sent on February 9,2007. The South Carolina plaintiffs also filed a motion to dismiss the case. That motion had been scheduled to be heard on February 21, and notice of that hearing, which involved some of the same issues raised by the motion to convert, was sent to the debtor on January 14, 2007. The debtor has had more than two months to find another lawyer, but has not done so. Furthermore, the notices given to Mr. Babb of the hearings to be held were adequate, and his request for a continuance was denied at the hearing.

The parties are well known to each other and have a history of litigation. The pending lawsuit in South Carolina that was brought by the plaintiffs against Mr. Babb for malicious prosecution and abuse of process ended in a mistrial and a new trial has not been scheduled. Carolina First Bank has had a judgment against Mr. Babb since 1999 that it has been unable to collect.

The basis of the objections to confirmation of the plan and the motions to convert to chapter 7 are essentially the same. It is alleged that Mr. Babb intentionally misstated the location of his residence on his petition, omitted valuable assets from schedules, and undervalued assets that were listed. Specifically, it is alleged that the debtor is not a resident of 875 Calabash Road, Calabash, North Carolina, as he contends in his petition, that he intentionally omitted from his schedules real property located at 4668 River Road, Little River, South Carolina, and in Charlotte, North Carolina, that he omitted a judgment he holds against Thomas Crowley in the amount of $28,700, and that he substantially undervalued property located in Foxwood Hills, in Oconee County, South Carolina.

For the past several years Mr. Babb has, for some purposes, claimed that his residence is 875 Calabash Road, Calabash, North Carolina. However, the Calabash address is clearly not his

3

residence, and his testimony in support of his claim of residency is so unbelievable that it casts doubt on the veracity of his schedules and statements of affairs. Mr. Babb's untruthful testimony by itself would constitute grounds for conversion of this case to chapter 7.

According to Mr. Babb, he has a room at 875 Calabash Road, and he went by the house around the Christmas holidays. However, the owner of the property, Mr. Faulk, a friend of the debtor subpoenaed to testify by the objecting parties, testified quite credibly that not only did Mr. Babb not have a room at the property, but he had never been inside the house.

There are also serious questions regarding the debtor's ownership of real property in Little River, South Carolina and in Charlotte, North Carolina. The property at 4668 River Road, Little River, South Carolina is titled in the name of M. McFall Babb. The debtor maintains that the owner is his son, Mitchell McFall Babb. The ownership of the property is not before the court, but the evidence presented by the movants casts doubt on the assertion by the debtor that he is not the owner of the Little River property.

Mr. Babb contends that all of the actions he has taken with respect to the Little River property were done on behalf of his son Mitchell under a power of attorney. However, his actions do

4

not indicate that he was proceeding under a power of attorney or that he was proceeding on behalf of his son. What is clear is that when the property was purchased in 1987, part of the purchase price, $52,325, was paid by a check drawn on the debtor's bank account.[1]

There are also significant concerns raised about the ownership of the real property in Charlotte, North Carolina. The property is 10.3 acres owned one half by M. McFall Babb, who the debtor contends is his son Mitchell, and by two sisters, Susan S. Shaw and Cynthia Hattersly. Again, Mr. Babb maintains that his actions have been taken on behalf of his son Mitchell under a power of attorney, but Mrs. Hattersly testified that in all her dealings with the debtor, he appeared to be acting solely for himself. The issue of ownership of the Charlotte property is not before the court, but the evidence presented by the movants casts substantial doubt, as it did with respect to the Little River property, on the debtor's claim that he does not own the Charlotte property.

---

[1] Carolina First Bank presented a statement (IRS Form 1099), purportedly prepared by the closing attorney in connection with the sale of the Little River property, that included the debtor's social security number, not the social security number for Mitchell McFall Babb. The statement was not identified by Mr. Babb and was not admitted into evidence.

5

The chapter 13 trustee initially recommended that Mr. Babb's plan be confirmed, but at the conclusion of the hearing, the trustee recommended that the plan not be confirmed and that the case should be converted to chapter 7. The court agrees with the trustee.

Mr. Babb's testimony is not believable, and the court finds that he intentionally misstated his residence in his petition. Furthermore, there are serious questions as to the ownership of the 4668 River Road property and the Charlotte, North Carolina property that should be investigated by a chapter 7 trustee.

Mr. Babb contends that rather than converting the case to chapter 7, the case should be dismissed. Generally, a chapter 13 debtor, pursuant to 11 U.S.C. § 1307(b), does have the right to dismiss the debtor's case. However, a debtor does not have a right to dismiss the case where there has been a motion to convert to chapter 7 and cause exists to convert the case to chapter 7 pursuant to § 1307(b). In this case, there were two motions to convert the case to chapter 7, and cause exists to convert the case.

The debtor's listing of his incorrect address, his untruthful testimony with respect to his residence, and the substantial questions regarding his ownership of property not listed on his schedules constitute cause for conversion of this

6

chapter 13 case to chapter 7 pursuant to § 1307(b).  Because of the substantial assets that appear to have been omitted from the debtor's schedules, conversion to chapter 7, rather than dismissal, is in the best interest of creditors and the estate.

Based on the forgoing, confirmation of the debtor's chapter 13 plan is **DENIED**, and the debtor's chapter 13 case is **CONVERTED** to chapter 7.

**SO ORDERED.**

**END OF DOCUMENT**