SO ORDERED.

SIGNED this 29 day of May, 2007.

_____
J. Rich Leonard
United States Bankruptcy Judge

_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
## WILMINGTON DIVISION

IN RE:

      MALCOLM MCFALL BABB,

          Debtor.                  06-03003-8-JRL
                                            Chapter 7

## ORDER

The matter before the court is the Chapter 7 trustee's objection to exemptions. On May 16, 2007, the court conducted a hearing on this matter in Wilmington, North Carolina.

The trustee objects to the debtor's claims of exemption under North Carolina law on the basis that the debtor is not domiciled in North Carolina. In the order converting the case to Chapter 7, Judge Small concluded that Mr. Babb does not reside at 875 Calabash Road, Calabash, North Carolina, and made the following findings after a hearing:

> For the past several years Mr. Babb has, for some purposes, claimed that his residence is 875 Calabash Road, Calabash, North Carolina. However, the Calabash address is clearly not his residence, and his testimony in support of his claim of residency is so unbelievable that it casts doubt on the veracity of his schedules and statements of affairs. Mr. Babb's untruthful testimony by itself would constitute grounds for conversion of this case to chapter 7.

1

According to Mr. Babb, he has a room at 875 Calabash Road, and he went by the house around the Christmas holidays. However, the owner of the property, Mr. Faulk, a friend of the debtor subpoenaed to testify by the objecting parties, testified quite credibly that not only did Mr. Babb not have a room at the property, but he had never been inside the house.

In re Babb, Case No. 06-03003-8-JRL (Bankr. E.D.N.C. Feb. 26, 2007). When a debtor claims exemptions under state exemption law, the law of the state where the debtor has been domiciled for the "730 days immediately preceding the date of the filing of the petition" is applicable. 11 U.S.C. § 522(b)(3)(A). If the debtor has not been located in a single state for the 730-day period, then the law of the state where the debtor was domiciled "for 180 days immediately preceding the 730-day period or for a longer portion of such 180-day period than in any other place" is applicable. Id. "'Domicile' as used in section 522 means more than mere residence." 4 *Collier on Bankruptcy* ¶ 522.06 (Alan N. Resnick and Henry J. Sommer eds. 15th ed. rev. 2006). "Domicile means actual residence coupled with a present intention to remain there." Id.

The court sustains the Chapter 7 trustee's objection to exemptions, as Judge Small previously concluded that the debtor does not reside at 875 Calabash Road, Calabash, North Carolina, and, therefore, is not domiciled there. Moreover, the debtor has not asserted or provided evidence that he is domiciled elsewhere in North Carolina. The debtor has 30 days from entry of this order to file an amended schedule of exemptions applying the applicable state exemption law pursuant to § 522(b)(3)(A).

END OF DOCUMENT