**SO ORDERED.**

**SIGNED this 04 day of September, 2007.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

IN RE:

**MALCOLM MCFALL BABB,**
             Debtor.                                  Case No. 06-03003-8-JRL

_____

**ORDER**

This case is before the court on the trustee's motion to employ a real estate agent, the trustee's motion to bind Malcolm Babb to his representations regarding rights to certain properties, the trustee's motion for a 2004 examination of Mitchell Babb, and the trustee's motion for appointment of a guardian ad litem for Mitchell Babb. The court conducted a hearing on these matters in Wilmington, North Carolina on August 21, 2007.

On September 22, 2006, the debtor filed a petition for relief under chapter 13 of the Bankruptcy Code. On February 26, 2007, the court converted the debtor's chapter 13 case to a case under chapter 7. There has been much discussion during the debtor's case regarding the ownership of certain real property. The real property located at 4668 River Road, Little River, South Carolina is titled in the name of M. McFall Babb. Additionally, M. McFall Babb owns a half interest in 10.3 acres of real property located in Charlotte, North Carolina. The debtor,

Malcolm McFall Babb, contends that his son Mitchell McFall Babb is the owner of both properties. The trustee disagrees and instead believes that the debtor is the true owner of the real estate. In an attempt to determine the true ownership of these properties and properly administer the debtor's estate, the trustee has filed the above motions.

The first motion before the court is the trustee's motion to employ real estate agent, Kemp Nash. Mr. Nash would be employed in order to assist the trustee in the sale of real property located at 4668 River Road. The debtor objected to the trustee's motion on the basis that the property belongs to Mitchell Babb and is not property of the estate. Although, the trustee believes this property to be a potential asset of the estate, he concedes that no sale may be consummated until after a determination of the property's ownership. Based on the evidence, the trustee's motion to employ real estate agent Kemp Nash is allowed.

The second motion before the court is the trustee's motion to bind Malcolm Babb to his representations regarding his rights in certain properties. The trustee contends that the debtor has represented that the Little River Property, the Charlotte Property, and $1500 in condemnation proceeds from the proceeding held by the Clerk of Court with respect to the Charlotte Property do not belong to the debtor but instead are owed by Mitchell Babb. The trustee asserts that the court should use its equitable powers under 11 U.S.C. § 105 to bind the debtor to his representation that Mitchell Babb owns the above assets. In other words, the trustee seeks the court to determine that any distribution that would generally be made to the debtor with respect to the proceeds of the dispute assets pursuant to § 726 should be made to Mitchell Babb. Since the court has not made a determination as to the ownership of the above assets, the trustee's motion to bind the debtor is premature. The court will defer ruling on this motion until after a

determination has been made as to the ownership of the disputed property.

The third and fourth motions before the court are the trustee's motion to conduct a 2004 examination of Mitchell Babb and the trustee's motion to appoint a guardian ad litem for Mitchell Babb. After an order allowing the 2004 examination had been entered, Malcolm Babb filed an objection to the 2004 examination as attorney-in-fact and next friend of his son. On July 31, 2007, the court issued an order staying the 2004 examination of Mitchell Babb until the court could make a determination as to the competency of Mitchell Babb.

Under Federal Rule of Civil Procedure 17, made applicable in bankruptcy by Bankruptcy Rule 7017, the capacity of an individual to sue and be sued shall be determined by the law of the individual's domicile. Mitchell Babb is clearly domiciled in North Carolina, and North Carolina law governs whether he is competent for purposes of determining whether a guardian ad litem should be appointed. Based on North Carolina law, an "incompetent adult means an adult or emancipated minor who lacks sufficient capacity to manage the adult's own affairs, or to make or communicate important decisions concerning the adult's person, family, or property whether the lack of capacity is due to mental illness, mental retardation, epilepsy, cerebral palsy, autism, inebriety, disease, injury, or similar cause or condition." N.C. Gen. Stat. § 35A-1101(7).

After listening to extensive testimony by Mitchell Babb, the court finds that he is not capable of managing his own affairs or making important legal decisions concerning his property. When Mitchell was nine years old he was involved in a serious automobile accident in which his mother was killed and his neck was broken. Likely as a result of the effect of this injury, he suffered a permanently disabling stroke during his final semester of law school at the University of South Carolina. He currently resides in an assisted living facility. During

Mitchell's testimony it was apparent to the court that he was easily misled, was unable to recollect what happened at certain times in the past, had difficulty comprehending written documents shown to him, and was often confused. Currently, there are no matters pending that implicate Mitchell Babb's potential interest in the disputed property. However, based on the debtor's assertion of Mitchell Babb's ownership of the property, Mitchell Babb will be a party to any motion for sale of the disputed property. Upon such motion for sale or at such other time as the court deems appropriate, the court will appoint Mitchell Babb a guardian ad litem to represent his potential property interests.

Mitchell Babb's ability to testify as a witness is determined under Federal Rule of Evidence 601. The rule provides that "[e]very person is competent to be a witness except as otherwise provided in these rules. However, in civil actions and proceedings, with respect to an element of a claim or defense as to which State law supplies the rule of decision, the competency of a witness shall be determined in accordance with State law." Fed. R. Evid. 601. The potential issues to be determined involve the title of real property, which is a state law concern. Therefore state law will determine the standard of competency of the witness. The North Carolina Rules of Evidence provide that:

> (a) General rule – Every person is competent to be a witness except as otherwise provided in these rules.
> (b) Disqualification of witness in general – A person is disqualified to testify as a witness when the court determines that he is (1) incapable of expressing himself concerning the matter as to be understood, either directly or through interpretation by one who can understand him, or (2) incapable of understanding the duty of a witness to tell the truth.

North Carolina Rules of Evidence, Rule 601(a)-(b).[1]

Based on Mitchell Babb's testimony the court determines that he is not qualified to be a witness based on his inability to express himself regarding the matters to be understood. Mitchell Babb appeared to be willing to testify truthfully, but as a result of his current physical and mental condition he was unable to do so. As set forth above, Mitchell Babb was easily misled, was unable to recollect what happened at certain times in the past, and was often confused as to the questions he was being asked. Based on these findings, Mitchell Babb is incompetent to serve as a witness. Any previous oral testimony by Mitchell Babb or any prior statements made by him under oath are inadmissible. At this time the court finds that the trustee's request for a 2004 examination has been satisfied, and to the extent additional information in needed from Mitchell Babb a guardian ad litem will be appointed for him by the court.[2]

Based on the foregoing, the motion to employ a real estate agent is allowed. The motion to bind Malcolm Babb to his representations regarding rights to certain properties is premature and ruling on that motion is deferred until ownership of the disputed properties has been determined. The trustee's motion for a 2004 examination of Mitchell Babb is denied. The trustee's motion for appointment of a guardian ad litem for Mitchell Babb is allowed to the extent set forth above.

**"END OF DOCUMENT"**

---

[1] The court notes that one of the disputed properties is located in North Carolina and the other is located in South Carolina. However, the standard for disqualification of a witness is the same in South Carolina and North Carolina. *See* South Carolina Rules of Evidence, Rule 601(a)-(b).

[2] The court will determine the proper method of compensation at such time as a guardian ad litem is appointed.