**SO ORDERED.**

**SIGNED this 22 day of October, 2007.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
## WILMINGTON DIVISION

**IN RE:**

**MALCOLM MCFALL BABB,**

    **Debtor.**        **06-03003-8-JRL**
                   **Chapter 7**

### ORDER

On September 11, 2007, the trustee filed a motion for authority to list and sell properties and for a determination of property ownership. The trustee asserts that the debtor, Malcolm McFall Babb, is the owner of real property located at 4668 River Road, Little River, South Carolina, and a one-half interest as a tenant in common in real property located at Milton Road and Herrrington Drive in Charlotte, North Carolina. The debtor, however, contends that these properties are owned by the debtor's son, Mitchell McFall Babb ("Mitchell").

At the hearing held August 21, 2007, the court concluded that Mitchell was incompetent to testify as a witness. FED. R. EVID. 601. Mitchell was involved in a serious automobile accident as a child in which he suffered a broken neck and lost his mother. Later, while in law school, Mitchell suffered from a disabling stroke. He now resides in an assisted living facility. As a result of the debtor's assertion that Mitchell owns certain real property at issue in the bankruptcy case, Mitchell

will be a party to any motion regarding the determination of ownership and sale of that property.

Rule 17(c) of the Federal Rules of Civil Procedure states that "the court shall appoint a guardian ad litem for an infant or incompetent person not otherwise represented in an action or shall make such other order as it deems proper for the protection of the infant or incompetent person." Fed. R. Civ. 17(c).[1] Here, the appointment of a guardian ad litem is necessary for the protection of Mitchell's financial interests and to discern the truth regarding property ownership. In its order entered September 4, 2007, the court granted the trustee's motion to appoint a guardian ad litem. The reasonable fees of the guardian ad litem shall be paid as an administrative expense of the estate pursuant to 11 U.S.C. § 503(b)(1)(A).

The court appoints Stephanie Humrickhouse to serve as Mitchell's guardian ad litem. In order to give Ms. Humrickhouse adequate time to meet with Mitchell and to review the records in this case, the court continues the hearing originally scheduled for October 23, 2007 on the trustee's motion for authority to list and sell properties and for determination of property ownership. The time within which the guardian ad litem may respond to the trustee's motion is extended until November 30, 2007. The hearing on the trustee's motion will be rescheduled at a later time to be determined by the court.

END OF DOCUMENT

---

[1] Rule 17(c) is made applicable by Rule 7017 of the Federal Rules of Bankruptcy Procedure. Fed. R. Bankr. P. 7017. Rule 7017 is applicable to contested matters. Fed. R. Bankr. P. 9014.