**SO ORDERED.**

**SIGNED this 20 day of March, 2008.**

_____
J. Rich Leonard
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

IN RE:

MALCOLM MCFALL BABB,

    DEBTOR.                                               CASE NO. 06-03003-8-JRL
                                                                  CHAPTER 7

_____

**ORDER**

This case is before the court on a motion by Stephani W. Humrickhouse, in her capacity as the court-appointed guardian ad litem for Mitchell M. Babb, son of Malcolm McFall Babb ("debtor"), requesting clarification from the court regarding whether she is authorized to engage in settlement negotiations with the trustee with respect to real property that may be owned by Mitchell M. Babb. On March 19, 2008, the court held a hearing on this matter in Wilmington, North Carolina.

On September 11, 2007, the trustee filed a motion for authority to list and sell properties and for a determination of ownership of certain real property in Little River, South Carolina and Charlotte, North Carolina. The debtor denied ownership of these properties and claimed that his son, Mitchell M. Babb, is the true owner. On October 22, 2007, the court appointed Stephani W.

Humrickhouse to serve as Mitchell M. Babb's guardian ad litem "for the protection of Mitchell's financial interest and to discern the truth regarding property ownership." At the March 19, 2008 hearing, Ms. Humrickhouse informed the court that she has reviewed a significant amount of documentation, participated in depositions, and conducted numerous interviews in an effort to determine the ownership of the properties in question. She also indicated that the trustee has offered to enter into settlement negotiations with respect to these properties. Ms. Humrickhouse believes that negotiating a settlement with the trustee may be proper in order to protect Mitchell M. Babb's financial interests. She now seeks clarification from the court whether she is authorized, as Mitchell M. Babb's court-appointed guardian ad litem, to engage in settlement negotiations with the trustee.

In North Carolina, the statutory scheme grants a guardian "the power to perform in a reasonable and prudent manner every act that a reasonable and prudent person would perform incident to the collection, preservation, management and use of the ward's estate to accomplish the desired result of administering the ward's estate legally and in the ward's best interest." N.C.G.S.A. § 35A-1251. Specifically, guardians are permitted to "maintain any appropriate action or proceeding to recover possession of any of the ward's property, to determine title thereto . . . also, to compromise, adjust, arbitrate, sue on or defend, abandon, or otherwise deal with *and settle any other claims in favor of or against the ward*." Id. at § 35A-1251(3) (emphasis added); see also Hagins v. S. Atl. Bonded Warehouse Corp., 159 S.E.2d 596, 600 (N.C. App. 1968), *rev'd on other grounds,* Hagins v. S. Atl. Bonded Warehouse Corp., 165 S.E.2d 501 (N.C. 1969). This grant of power is consistent with the common law concept of the powers and role of a guardian ad litem. See, e.g., Dacanay v. Mendoza, 573 F.2d 1075, 1079 (9th Cir. 1978). It should be noted, however, that although a guardian ad litem may negotiate a settlement on the ward's behalf, "every step of the

proceeding occurs under the aegis of the court," and "a guardian ad litem [is] unable to bind [an incompetent] litigant to a settlement agreement absent an independent investigation by the court and a concurring decision that the compromise fairly promotes the interests of the [incompetent]." Id.

Therefore, the court expressly recognizes that Ms. Humrickhouse's duties as Mitchell M. Babb's guardian ad litem specifically permit her to engage in settlement negotiations with the trustee related to the properties whose ownership is in question. The court emphasizes that any proposed settlement between Ms. Humrickhouse and the trustee will be independently scrutinized by the court, and all affected parties will have an opportunity to be heard.

**"END OF DOCUMENT"**