**SO ORDERED.**

**SIGNED this 22 day of October, 2008.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

IN RE:

MALCOLM MCFALL BABB,

     DEBTOR.                                CASE NO. 06-03003-8-JRL
                                                        Chapter 7

_____

**ORDER**

This case is before the court on the debtor's objection to claims filed by Carolina First Bank and Anchor Bank, now known as Carolina First Bank. A hearing on this matter was held on October 21, 2008 in Wilmington, North Carolina.

The debtor filed for relief under Chapter 13 of the Bankruptcy Code on September 22, 2006. The debtor's case was converted to Chapter 7 on February 26, 2007. On January 26, 2007, Carolina First Bank filed a claim against the debtor in the amount of $73,502.14 ("Claim 13"). On November 19, 2007, Anchor Bank filed a claim in the amount of $74,845.20 ("Claim 16"). Although the court correctly identified the claimant as Anchor Bank, the claim clearly identified the name of the creditor as "The Anchor Bank, now known as Carolina First Bank." These claims arose from a judgment entered by the South Carolina Court of Common Pleas for the Fifteenth Judicial Circuit

in favor of Anchor Bank on September 1, 1999.  The judgment was the result of a civil action initiated by Anchor Bank on June 10, 1993, on a note to First Atlantic Bank which was guaranteed by the debtor.  Prior to the date of petition, First Atlantic Bank merged into Anchor Bank, which subsequently merged into Carolina First Bank.

The debtor objects to the claims of Carolina First Bank and Anchor Bank because they are identical claims filed by a merged bank.  The debtor also objects because the proofs of claim fail to account for payments the debtor has allegedly made on the note prior to the South Carolina Circuit Court's judgment.  In addition, the debtor objects because Carolina First Bank has not provided evidence of Anchor Bank's acquisition of the note or guarantee from First Atlantic Bank.  In response, Carolina First Bank explains that Anchor Bank merged into Carolina First Bank and asserts that it filed Claim 16 as an amendment to Claim 13.  Carolina First Bank amended the proof of claim to account for interest and court costs related to appeal of the judgment against the debtor.  Carolina First Bank further argues that it is not required to produce a copy of any assignment because the original note merged into the South Carolina Circuit Court's judgment such that the judgment is direct evidence of the debtor's obligation.

The court finds that Claim 16 is an amendment to Carolina First Bank's original proof of claim.  In addition, there is no evidence of any payments on the South Carolina Circuit Court's judgment since the judgment was entered for which the debtor can be credited.  The judgment in favor of Anchor Bank establishes as a matter of law that Anchor Bank is the holder of the claim. It follows that the original note and guaranty with First Atlantic Bank merged into the judgment. Furthermore, the subsequent merger agreement between Carolina First Bank and Anchor Bank was sufficient without more to transfer the judgment to Carolina First Bank.

Based on the foregoing, the court overrules the debtor's objection to the amended proof of claim (#16) in the amount of $74,845.20. Carolina First Bank's original proof of claim (#13) in the amount of $73,502.14 is no longer in effect.

**"END OF DOCUMENT"**