**SO ORDERED.**

**SIGNED this 16 day of April, 2009.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

IN RE:

MALCOLM MCFALL BABB,

       Debtor.                                  Case No. 06-03003-8-JRL
                                                    Chapter 7

_____

**ORDER**

The matter before the court is the debtor's motion to reconsider the January 26, 2009 order allowing the Chapter 7 Trustee's motion for approval of compromise with The Estate of Charles L. Watson, Eleanor G. Watson, Pamela Watson Fehlig, as personal representative of the estate of Charles L. Watson, CLW Investments, Inc. d/b/a Salt Marsh Cove and Wilbur M. McLamb (collectively, the "Claimants").

The debtor filed a petition for relief under Chapter 13 of the Bankruptcy Code on September 22, 2006, and the case was converted to one under Chapter 7 on February 26, 2007. On July 2, 2007, the Claimants filed an amended proof of claim in the amount of $683,137.90 for, *inter alia*, attorney's fees and costs incurred in litigation between the debtor and the Claimants. Subsequently, the Trustee and the Claimants reached a compromise with respect to the allowance

and amount of the Claimants' proof of claim. On January 29, 2009, the court entered an order approving the compromise and modifying the claim in the amount of $175,000.00. On February 10, 2009, the debtor filed a motion to reconsider approval of the compromise and alleged that the proof of claim should be disallowed in its entirety.

Section 502(j) of the Bankruptcy Code provides in pertinent part: "A claim that has been allowed or disallowed may be reconsidered for cause. A reconsidered claim may be allowed or disallowed according to the equities of the case." 11 U.S.C. § 502(j). The determination of cause sufficient to reconsider a claim under § 502(j) "lies within the sound discretion of the court." In re Snow, 270 B.R. 38, 41 (D. Md. 2001) (quoting In re Ray M. Watkins, 240 B.R. 735, 739 (Bankr. C.D. Ill. 1999)). Further, the Federal Rules of Bankruptcy Procedure provide that a party in interest may move for reconsideration of an order allowing or disallowing a claim against the estate. FED R. BANKR. P. 3008. In addition, many bankruptcy courts have applied the standard for relief from judgment set forth in Rule 60(b) when analyzing a motion under § 502(j). In re Snow, 270 B.R. 38 (D. Md. 2001); In re Freightway Corp., 170 B.R. 108, 110 (Bankr. N.D. Oh. 1994); In re Cleanmaster Indus., Inc., 106 B.R. 628, 630-31 (9th Cir. B.A.P. 1989). Rule 60(b), made applicable by Rule 9024 of the Federal Rules of Bankruptcy Procedure, authorizes the court to reconsider a final judgment if it finds mistake, excusable neglect, newly discovered evidence, fraud, or any other reason that justifies relief. FED R. CIV. P. 60(b).

The court finds that the debtor has failed to establish cause sufficient to grant the relief requested under § 502(j) and Rule 3008. In addition, the debtor has failed to meet the standards for upsetting a prior judgment of the court under Rule 60(b) of the Federal Rules of Civil Procedure. The court conducted an extensive hearing on the claim at issue and the settlement recommended by the Trustee. In summary, the court finds no grounds for relieving the debtor

from the final order approving the compromise.

Based on the foregoing, the motion to reconsider the order allowing the Trustee's motion to approve compromise with the Claimants is DENIED.

"END OF DOCUMENT"