**SO ORDERED.**

**SIGNED this 08 day of June, 2009.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

IN RE:

MALCOLM MCFALL BABB,

        Debtor.                                      Case No. 06-03003-8-JRL
                                                                 Chapter 7

_____

**ORDER**

This case is before the court on the debtor's motion to reconsider the court's April 16, 2009 order granting the Chapter 7 Trustee's motion to approve compromise with Mitchell McFall Babb, and the debtor's motion to stay the compromise with the Watson Estate. The court conducted a hearing on May 19, 2009. This order confirms and provides the rationale for the oral ruling at the conclusion of the hearing denying the debtor's motions to reconsider and for stay pending appeal.

**BACKGROUND**

The debtor filed for relief under Chapter 13 of the Bankruptcy Code on September 22, 2006 and his case was converted to Chapter 7 on February 26, 2007. On September 11, 2007, the Chapter 7 Trustee filed a motion for authority to list and sell properties and for determination of

ownership of real property in Charlotte, North Carolina and Little River, South Carolina. The Charlotte and Little River properties were deeded to "M. McFall Babb," a name shared by the debtor and his son, Mitchell McFall Babb ("Mitchell"). Subsequently, the court authorized the guardian ad litem for Mitchell McFall Babb to engage in settlement negotiations with the Trustee concerning the ownership of the Charlotte and Little River Properties. The Trustee and guardian ad litem were successful in reaching a compromise and on July 16, 2008, the Trustee filed a motion to approve compromise with Mitchell (the "Mitchell Compromise"). The court conducted a hearing over two non-consecutive days in February and March. Subsequently, on April 16, 2009, the court entered an order allowing the motion for approval of compromise with Mitchell.

In addition, the court entered an order on January 29, 2009 approving a compromise between the Trustee and The Estate of Charles L. Watson, Eleanor G. Watson, Pamela Watson Fehlig, as personal representative of the estate of Charles L. Watson, CLW Investments, Inc. d/b/a Salt Marsh Cove and Wilbur M. McLamb (the "Watson Estate Compromise"). The parties to the Watson Estate Compromise reached a settlement with the Trustee as to the amount of a proof of claim against the debtor for attorneys' fees and costs incurred in litigation between the claimants and the debtor. On April 16, 2009, the court entered an order denying the debtor's motion to reconsider approval of the Watson Estate Compromise. On April 23, 2009, the debtor filed a notice of appeal of the order approving the Watson Estate Compromise.

## **DISCUSSION**

Before the court are the debtor's motions to reconsider the order approving the Mitchell Compromise and to stay the order approving the Watson Estate Compromise pending appeal. First, the debtor requests that the court reconsider the order approving the Mitchell Compromise pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, § 502(j) of the Bankruptcy Code,

2

and Rule 3008 of the Federal Rules of Bankruptcy Procedure. Rule 59(e), which is incorporated by Rule 9023 of the Federal Rules of Bankruptcy Procedure, provides for the filing of a motion to alter or amend a judgment. FED. R. CIV. P. 59(e). In addition, § 502(j) and Rule 3008 authorize a party in interest to move for reconsideration of an order allowing or disallowing a claim against the estate. 11 U.S.C. § 502(j); FED. R. BANKR. P. 3008. The Fourth Circuit has adopted three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. EEOC v. Lockheed Martin Corp., Aero & Naval Systems, 116 F.3d 110, 112 (4th Cir. 1997). However, reconsideration of a judgment is "an extraordinary remedy which should be used sparingly." Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir.), cert. denied, 525 U.S. 1104, 119 S. Ct. 869 (1999).

      The court finds that the debtor has failed to establish grounds to amend the original order approving the compromise between the Trustee and Mitchell. Under the first prong of the Fourth Circuit's test for reconsidering a judgment, there is no intervening change in law that would necessitate amending the court's order. Second, there is no new evidence that was unavailable at the hearing on the motion to approve compromise. Third, there is no risk of manifest injustice in denying the debtor's motion to reconsider. The issues raised at hearing were addressed previously in the court's original order allowing the Trustee's motion to approve compromise.

      Second, the debtor requests that the court stay the order approving the Watson Estate Compromise pursuant to Rule 8005 of the Federal Rules of Bankruptcy Procedure. Rule 8005 provides that:

> [T]he bankruptcy judge may suspend or order the continuation of other proceedings in the case under the Bankruptcy Code or make any other appropriate order during the pendency

3

of an appeal on such terms as will protect the rights of all parties in interest.

FED. R. BANKR. P. 8005.  In the case at bar, the debtor seeks an order staying the Watson Estate Compromise pending his appeal of the order approving the Watson Estate Compromise.  The debtor argues that a stay is necessary because the allowance or disallowance of the claim arising from the Watson Estate Compromise will directly impact the amount of funds available to pay creditors.  In response, the Trustee asserted at hearing that the payment of the claim of the Watson Estate was contingent upon the Trustee's ability to sell the Charlotte and Little River Properties.  The court finds that the amount of funds available to pay the claim of the Watson Estate is dependent upon the sale of property pursuant to the Mitchell Compromise.  As a result, the real issue is whether the Mitchell Compromise should be stayed, an issue that is not before the court at this time.  Therefore, the court finds that the rights of interested parties will not be adversely effected if the Watson Estate Compromise is not stayed.

Based on the foregoing, the motion to reconsider the order allowing the Trustee's motion to approve compromise with Mitchell McFall Babb is DENIED.  The motion for stay pending appeal is DENIED.

**"END OF DOCUMENT"**