**SO ORDERED.**

**SIGNED this 02 day of October, 2009.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## WILMINGTON DIVISION

| | |
|---|---|
| IN RE: | CASE NO. |
| MALCOLM MCFALL BABB, | 06-03003-8-JRL |
| DEBTOR. | |

### ORDER DENYING MOTION FOR STAY PENDING APPEAL

The matter before the court is the motion filed by the debtor, Malcolm McFall Babb, for a stay of this court's orders of April 16, 2009, and June 8, 2009, pending appeal. Pursuant to Rule 8005 of the Federal Rules of Bankruptcy Procedure, no hearing is necessary for the court to determine the motion.

Mr. Babb filed a petition for relief under chapter 13 of the Bankruptcy Code on September 22, 2006. His case was converted to chapter 7 on February 26, 2007, and James B. Angell was appointed trustee. On September 11, 2007, the trustee filed a motion for authority to list and sell properties and for determination of ownership of real property in Charlotte, North Carolina and Little River, South Carolina. Those properties were deeded to "M. McFall Babb," a name shared by the debtor and his son, Mitchell McFall Babb ("Mitchell"). Subsequently, the court authorized the guardian ad litem for Mitchell to engage in settlement negotiations with the trustee concerning the ownership of the properties, and a compromise was reached between the trustee and Mitchell

by and through his guardian ad litem. After a hearing over two non-consecutive days in February and March, the court entered an order on April 16, 2009, approving the compromise.

Mr. Babb filed a motion to reconsider the order approving the compromise, which the court denied in an order dated June 8, 2009. Mr. Babb timely filed a notice of appeal, and the instant motion for stay pending appeal. Mr. Babb contends that because the orders allow the trustee to sell the properties in Charlotte and Little River, a stay is necessary to prevent irreparable harm.

In determining whether to grant a stay pending appeal, the court considers four factors:

(1) the likelihood that the movant will prevail on the merits of the appeal;
(2) whether the movant will suffer irreparable injury if the stay is denied;
(3) whether other parties will not be substantially harmed by the stay;
(4) whether the public interest will be served by granting the stay.

Direx Israel, Ltd. v. Breakthrough Medical Corp., 952 F.2d 802, 811 (4th Cir. 1991). In this case, it is extremely unlikely that Mr. Babb will prevail on the merits of his appeal. The question for the district court is whether this court erred in approving a compromise between the trustee and Mitchell, not the substance of the underlying dispute between those parties. Whether to approve a compromise falls within the discretion of the court, and the determination is based on whether the trustee has exercised his best judgment in the interest of the estate. The court held a hearing over two days to consider the compromise, applying heightened scrutiny to the agreement because it involved an incompetent party. The court found that the guardian ad litem vigorously and thoroughly investigated the facts and reached a compromise that she believed was in Mitchell's best interest, and the court found that the trustee had exercised his best judgment on behalf of the estate.

In addition, Mr. Babb will suffer no injury if a stay is not imposed. Mr. Babb has consistently taken the position throughout his bankruptcy case that he has no interest in the Charlotte and Little River properties; thus, he will not be harmed if the properties are sold while the appeal

is pending. Mr. Babb instead seeks to advance a potential harm to his son, Mitchell, who was a party to the compromise Mr. Babb wishes to overturn.

On the other hand, the trustee will be harmed by the imposition of a stay. Mr. Angell is charged with administering the assets of Mr. Babb's bankruptcy estate, a task Mr. Angell has been trying to accomplish since February 2007. Further delay of the sale of these properties, given the likelihood that the orders allowing the sale will be affirmed, will cause substantial harm to the trustee.

Because the factors weigh against imposing a stay, the motion for stay pending appeal is **DENIED**. Mr. Babb is free to seek a stay from the district court pursuant to Rule 8005 of the Federal Rules of Bankruptcy Procedure.

**END OF DOCUMENT**