**SO ORDERED.**

**SIGNED this 26 day of October, 2009.**

_____
J. Rich Leonard
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

| | |
|---|---|
| IN RE: | CASE NO. |
| **MALCOLM MCFALL BABB,** | 06-03003-8-JRL |
| DEBTOR. | |

_____

ORDER

This matter is before the court on Brenda Babb's motion for an order establishing an equitable lien and an informal claim against the debtor. A hearing on this matter was held on October 14, 2009, in Wilmington, North Carolina.

Brenda Babb, the debtor's wife, has paid the property taxes on two properties in the debtor's estate. From 1988 through 2008 Mrs. Babb paid $1,008.30 in taxes on debtor's property identified as Lot 123, Section A, Foxwood Hills, Oconee County, South Carolina ("Lot A"). During the same period, Mrs. Babb paid $4,892.76 on debtor's property identified as Lot 52, Section D, Foxwood Hills, Oconee County, South Carolina ("Lot B"). Mrs. Babb argues that the debtor verbally agreed that the properties would serve as a security for the payment of the

property taxes on Lots A and B and that she is therefore entitled to an equitable lien. She further contends that she is entitled to an informal proof of claim based on the debtor's liability for the taxes she paid on his behalf.

Under South Carolina law, "[t]he elements of equitable subrogation are: (1) The party claiming subrogation has paid the debt, (2) The party was not a volunteer but had a direct interest in the discharge of the debt or lien, (3) The party was secondarily liable for the debt or for discharge of the lien, [and] (4) No injustice will be done to the other party by the allowance of the equity." United Carolina Bank v. Caroprop, Ltd., 446 S.E.2d 415, 416 (S.C. 1994). Mrs. Babb does not satisfy these elements because she volunteered to pay the debtor's debts and was not secondarily liable. Therefore, the court denies Mrs. Babb's motion for an equitable lien.

Despite the inadequacy of her claim for an equitable lien, Mrs. Babb may be reimbursed by the debtor's bankruptcy estate for any property taxes that came due and that she paid subsequent to the debtor's initial bankruptcy petition filed on September 22, 2006. Provided that she can document the payment of such taxes, Mrs. Babb is entitled to file an administrative claim against the estate under 11 U.S.C. § 503(b)(1)(B).

Based on the foregoing, the court denies Mrs. Babb's motion for an order establishing an equitable lien. However, the court recognizes Mrs. Babb's right to file an administrative claim against the bankruptcy estate for any property tax payments that she can show were expenses of the estate subsequent to the debtor's bankruptcy petition filed on September 22, 2006.

**"END OF DOCUMENT"**